```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION


RICHARD KUEHNE,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    No. 4:10 CV 1902 DDN
                                   )
CITIMORTGAGE, INC., et al.,        )
                                   )
            Defendants.            )
```

**MEMORANDUM**

This action is before the court upon the motion of defendants Citimortgage, Inc., Millsap & Singer, P.C., and Fannie Mae[1] for summary judgment (Doc. 44) and the motion of plaintiff Richard Kuehne for additional discovery (Doc. 47). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 19.) Oral arguments were heard on March 28, 2012.

**I.   BACKGROUND**

On September 8, 2010, plaintiff Richard Kuehne filed his second amended petition in the Circuit Court of St. Louis County, Missouri against defendants Citimortgage, Inc., Millsap & Singer, P.C., and Fannie Mae. (Doc. 1-1.) On October 8, 2010, defendants removed the action to this court pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Doc. 1.)

In Count I, plaintiff alleges that defendants Citimortgage and Millsap & Singer wrongfully foreclosed on his property. Plaintiff seeks to set aside the sale of his property and the Trustee's Deed executed and

---

[1] Plaintiff does not bring any claims against Fannie Mae, and previously did not oppose Fannie Mae's motion to dismiss. At oral argument on Citimortgage's and Millsap and Singer's motions to dismiss, however, Fannie Mae asked to withdraw its motion to dismiss and thus remain in this suit in the event that Citimortgage's and Millsap and Singer's motions were denied. Because those motions were denied, Fannie Mae's motion to dismiss was withdrawn, thus leaving Fannie Mae as a party in this action. See Memorandum and Order at p. 8 (Doc. 34).

filed by Millsap & Singer. (Doc. 1-1 at ¶¶ 6-12.) In Count II, plaintiff alleges that defendants violated the federal Fair Debt Collection Practices Act (FDCPA) through their correspondence attempting to collect on his loan and in conducting the foreclosure sale because Citimortgage was not the holder of the promissory note (Note) secured by his property (the Note Holder). Plaintiff alleges that he was damaged by: (a) the reporting of the false foreclosure on his credit report; (b) his inability to seek future credit based upon the reported foreclosure; (c) embarrassment; (d) injury to his character and good will; and (e) incurring attorney's fees and expert fees to defend and set aside the collection attempts and wrongful disclosure. (Id. at ¶¶ 13-32.)

Defendants previously moved to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). (Docs. 3, 5, 22.) The court denied defendants' motions because plaintiff's allegations, when accepted as true, were legally sufficient to state his claims because if true, Citimortgage would not have been permitted to appoint Millsap & Singer as Successor Trustee, thus making defendants' debt collection activities and the foreclosure sale improper. See Memorandum and Order (Doc. 34).

## II. MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment, arguing that Citimortgage complied with all applicable Missouri foreclosure statutes in initiating foreclosure proceedings on the property. (Docs. 44, 45.) Defendants note that plaintiff "has issued no interrogatories, requests for admission, requests for production, or sought to take any depositions." Defendants argue that plaintiff's lack of discovery suggests that he is only using this action "to continue living in the property rent free at the expense of its rightful owner, Fannie Mae." (Doc. 45 at 5.)

Defendants argue that plaintiff's sole allegation--that Citimortgage is not the Note Holder--is refuted by the uncontested facts. Specifically, defendants argue that Citimortgage possesses the original Note and that the Note was endorsed in blank, thus making Citimortgage

entitled to enforce the Note under Missouri law.[2]  Defendants also argue that when Citimortgage became the Note Holder, it automatically acquired all rights under the Deed of Trust, including the right to appoint a Successor Trustee (here, Millsap & Singer) and to initiate a foreclosure.[3] Thus, defendants argue, appointment of Millsap & Singer as Successor Trustee and the subsequent foreclosure sale were permitted under Missouri law and the terms of the Note and Deed of Trust.[4]

Regarding plaintiff's FDCPA claim in Count II, defendants argue that Citimortgage was not a "debt collector" because the loan was not in default when Citimortgage acquired the Note and the Deed of Trust.[5] Defendants argue that the Note was transferred to Citimortgage on January 3, 2007, and plaintiff did not default on the loan until July, 2007. Defendants also argue, as discussed above, that Citimortgage had the right to appoint Millsap and Singer as a Successor Trustee and that foreclosure was proper, thereby defeating plaintiff's FDCPA claim.

### III.  STATEMENT OF UNDISPUTED FACTS

In support of its motion for summary judgment, defendants filed a statement of undisputed facts.  (Doc. 46.)  Plaintiff has not responded in opposition to these facts.  The relevant facts set forth by defendants are:

---

[2] See Mo. Rev. Stat. §§ 400.1-201(5) (defining "bearer"), 400.1-201(20) (defining "holder"), and 400.3-301 (stating that a "[p]erson entitled to enforce" an instrument includes "the holder of the instrument").

[3] See, e.g., In re Box, No. 10-20086, 2010 WL 2228289, at *5 (Bankr. W.D. Mo. June 3, 2010) (recognizing that under Missouri law, "transfer of a note serves to also transfer the transferor's rights under a deed of trust, regardless of whether that transfer is recorded").

[4] See Doc. 46-2 at §§ 1, 10 (relevant provisions of the Note); Doc. 46-5 at §§ 20, 22, 24 (relevant provisions of the Deed of Trust).

[5] "The legislative history of [the FDCPA] indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Barnes v. Citigroup Inc., No. 4:10 CV 620 JCH, 2010 WL 2557508, at *3 (E.D. Mo. June 15, 2010) (citations omitted).

On December 22, 2006, plaintiff, the borrower/grantor, executed a promissory note secured by a deed of trust (Deed of Trust) on the property located at 14701 Greenleaf Valley Drive, Chesterfield, Missouri 63107 (the Property) with Century Lending Company, the lender/grantee. (Doc. 46 at ¶ 1; Doc. 42-2, Ex. B.) Under the terms of the Note, plaintiff was obligated to make monthly payments of $2,490.81 to the Note Holder on the first of each month beginning on February 1, 2007. (Doc. 46-2, Ex. B.) In the Note, plaintiff made the following acknowledgment:

> I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by Transfer and who is entitled to receive payments under this Note is called the "Note Holder."

(Id. at 1.)

On January 3, 2007, Century Lending Company transferred the Note, Deed of Trust, and all servicing rights, including the right to collect payments from plaintiff, to Citimortgage. (Doc. 46 at ¶¶ 3, 5; Doc. 46-4; Doc 46-5.) The Note contains an endorsement signed by Century Mortgage Company made payable to Citimortgage, as well as an endorsement in blank signed by Citimortgage. (Doc. 46 at ¶ 4; Doc. 46-2.)

In late January, 2007, Citimortgage sent plaintiff a RESPA notice, informing him that Citimortgage was the new Loan Servicer and the address where he was to send his payments. (Doc. 46 at ¶¶ 6-9; Doc. 46-7.) Plaintiff made regular monthly payments to Citimortgage in March, April, May, and June, 2007, but failed to make a regular monthly payment to Citimortgage in July, 2007. (Doc. 46 at ¶¶ 10-18; Doc. 46-8.)

On July 18, 2007, Citimortgage sent plaintiff a delinquency notice. (Doc. 46 at ¶ 19; Doc. 46-9.) Plaintiff, however, has not made any payments on the Note since his regular monthly payment on April 21, 2009.[6] (Doc. 46 at ¶ 20; Doc. 46-8.) Thus, plaintiff has defaulted on the loan. (Doc. 46 at ¶ 21; Doc. 1-1 at ¶ 16.)

---

[6] Defendants do not give any additional information concerning plaintiff's payment history between July, 2007 and April, 2009. However, that plaintiff defaulted on the Note is not disputed. See Doc. 1-1 at ¶ 16 (alleging that "CitiMortgage did not obtain the Note for servicing prior to the time the debt was in default"). Defendants have also attached a printout of plaintiff's "payment history." See Doc. 46-8.

Prior to July, 2007, plaintiff was not in default. (Doc. 46 at ¶ 22.) On July 15, 2008, Citimortgage appointed Millsap & Singer as Successor Trustee under the terms of the Deed of Trust. (Id. at ¶ 23; Doc. 46-10.)

On May 17, 2010, Millsap & Singer conducted a foreclosure sale and sold the Property to Fannie Mae by executing a Successor Trustee's Deed. (Doc. 46 at ¶¶ 24, 25; Doc. 46-12.)

Citimortgage remains in possession of the Note and Deed of Trust.[7] (Doc. 46 at ¶ 26.)

## IV. MOTION FOR ADDITIONAL DISCOVERY

In lieu of a response in opposition to defendants' motion for summary judgment, on February 20, 2012, plaintiff filed a "Declaration of Facts Unavailable to Support His Opposition to Defendants' Motion for Summary Judgment; Motion for Leave to Conduct Discovery Out of Time; And/or in the Alternative, Motion for Additional Time to Respond." (Doc. 47.)

In his declaration, plaintiff agrees that "[a]n essential element of this case is whether [Citimortgage] is the Note Holder." Plaintiff does not dispute that under the terms of the Note and Missouri law, possession of the Note makes the possessor the Note Holder.[8] (Id. at ¶¶ 1-4.) Rather, plaintiff challenges "whether the Note that is in the possession of [defendants]' attorney is the original Note." (Id. at ¶ 6.)

---

[7]Although defendants state in their Statement of Undisputed Facts that "[p]laintiff remains in possession of the Note and Deed of Trust," this appears to be a typographical error: defendants state in their Memorandum Supporting Summary Judgment that "CMI (Citimortgage) remains in possession of the Note." (Doc. 45 at 6.)

[8]See Mo. Rev. Stat. § 400.3-205(b) ("If an endorsement is made by the holder of an instrument and it is not a special endorsement, it is a 'blank' endorsement. When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed."). Plaintiff does not dispute that the copy of the Note attached as exhibit B to defendants' motion for summary judgment "bears an endorsement in 'blank.'" (Doc. 47 at ¶ 4.) See (Doc. 46-2, Ex. B at 3.)

Plaintiff argues that he is unable to determine whether the Note document assertedly held by Citimortgage is the original or a forgery. Plaintiff explains that his counsel briefly reviewed the Note at the ADR conference, but that defendants failed to provide a copy of the Note prior to filing for summary judgment.

In further support of his position, plaintiff states that upon learning on February 6, 2012, "that one of the largest companies that provided home foreclosure services to lenders across the nation, DocX, has been indicted on forgery charged by a Missouri grand jury," plaintiff and his counsel now have "serious doubts about the authenticity of the document [defendants] claim to be the original Note." (Doc. 47 at ¶¶ 7-10.) Notably, however, plaintiff does not allege that DocX was in any way involved with his loan.

Plaintiff also raises a variety of other arguments: (1) that the copy of the Note that defendants attached to their motion for summary judgment is inadmissible hearsay; (2) the affidavit of defendants' corporate representative, Therese Hart, suggests that the Note is not original because she avers that a "true and accurate copy of the Note is attached" but later states that a "true and accurate copy of the original Deed of Trust is attached"; (3) defendants did not identify Therese Hart as an individual with discoverable information; and (4) Therese Hart is without personal knowledge of the items to which she avers in her affidavit. (Id. at ¶¶ 12-19.)

Plaintiff seeks: (1) an opportunity to depose Therese Hart concerning the Note; (2) review of the Note by a forensic document examiner; and/or (3) an additional seven days to file a response in opposition to defendants' motion for summary judgment.

Defendants reply that since this case was removed to this court on October 8, 2010, plaintiff "has not issued one interrogatory, request for production, or request for admission," nor has he "attempted to take any deposition" or "made [any] effort whatsoever to support the allegations on which his case is premised." (Doc. 48 at 1.) Defendants again argue that plaintiff's conduct reveals that "[t]his entire lawsuit has been nothing more than a stall tactic designed to keep Fannie Mae from taking its rightful possession of the Property for as long as possible." (Id.)

Defendants argue that plaintiff's Rule 56(d) request is improper (1) because his declaration does not comply with 28 U.S.C. § 1746, as he did not state that its contents are "true and correct" and it was not made under penalty of perjury; and (2) because it was not made in good faith. Defendants argue that plaintiff's Rule 56(d) declaration was not made in good faith because: (a) plaintiff did not issue any discovery requests during the discovery period; (b) discovery closed on December 20, 2011; (c) plaintiff knew the Note was the central issue to this case since this case was brought; (d) defendants identified Therese Hart in their initial disclosures and she was present at the parties' ADR conference; (e) plaintiff has not identified any facts or evidence supporting his claims; (f) plaintiff's counsel examined the Note personally on February 6, 2012;[9] and (g) plaintiff's allegations concerning DocX are irrelevant, as plaintiff does not allege that DocX was in any way involved or connected with this case. (Doc. 48.)

## V. DISCUSSION

Under Federal Rule of Civil Procedure 56(d),[10] a district court may defer considering a motion for summary judgment if a party opposing the motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); Chambers v. Travelers Cos., Inc., 668 F.3d 559, 568 (8th Cir. 2012). Rule 56(d) reflects the principle that "summary judgment is proper only after the nonmovant has had adequate time for discovery." Ray v. Am. Airlines, Inc., 609 F.3d 917, 923 (8th Cir. 2010) (citation omitted). As such, Rule 56(d) "should be applied with a spirit of liberality." United States ex. rel. Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002) (citation omitted).

---

[9]At the March 28, 2012 hearing, defense counsel offered the document purported to be the Note for review by the court and plaintiff's counsel.

[10]On December 31, 2010, Rule 56(f) was recodified "without substantial change" as Rule 56(d). Fed. R. Civ. P. 56 advisory committee's notes; Hargis v. Access Capital Funding, LLC, --- F.3d ---, 2012 WL 686205, at *6 n.4 (8th Cir. Mar. 5, 2012).

<u>Failure to comply with 28 U.S.C. § 1746</u>

Defendant argues that plaintiff's declaration did not comply with 28 U.S.C. § 1746 in that plaintiff did not aver that the contents of the declaration are "true and correct" or that the claims made therein were made under penalty of perjury.  28 U.S.C. § 1746.  This statute states:

> **Unsworn declarations under penalty of perjury**
>
> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> * * *
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) <u>under penalty of perjury that the foregoing is true and correct</u>.  Executed on (date).
>                                              (Signature)".

28 U.S.C. § 1746 (emphasis added).

Defendants are correct that a Rule 56(d) declaration must comply with § 1746, including the requirements that the affidavit or declaration (1) be sworn under penalty of perjury, and (2) declare that its contents are true and correct.  <u>See, e.g.</u>, <u>CareToLive v. Food & Drug Admin.</u>, 631 F.3d 336, 344-45 (6th Cir. 2011) (affirming denial of a Rule 56(d) motion where the plaintiff's affidavit "was not sworn to before a notary public nor signed under penalty of perjury pursuant to 28 U.S.C. § 1746").  While a declaration that "substantially complie[s]" with § 1746 may be

- 8 -

sufficient,[11] plaintiff has not used similar words or phrases in an attempt to comply with the statute;[12] plaintiff's declaration contains no language indicating that it was made under the penalty of perjury or affirming that its contents are true and correct. This flaw is fatal to plaintiff's Rule 56(d) motion. See United States v. 8 Gilcrease Lane, 587 F. Supp. 2d 133, 139 (D.D.C. 2008) (explaining that these statements are "essential" to a proper verification under § 1746).

Therefore, defendants are correct that plaintiff's declaration fails to comply with § 1746 and thus is insufficient to support a Rule 56(d) motion.

Good cause

"To obtain a continuance under [Rule 56(d)], the movant must show good reason for being unable to present facts essential to its response." Elnashar v. Speedway SuperAmerica, LLC, 484 F.3d 1046, 1055 (8th Cir. 2007). Mere speculation that the nonmoving party controls relevant facts is an insufficient basis for a Rule 56(d) continuance. Davis v. G.N. Mortg. Corp., 396 F.3d 869, 885 (7th Cir. 2005). In addition, a plaintiff who has been "dilatory in pursuing discovery" is generally not entitled to a Rule 56(d) continuance. Snyder v. Livingston, Cause No. 1:11-cv-77, 2012 WL 32984, at *2 (N.D. Ind. Jan. 5, 2012); accord Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a [Rule 56(d)] motion.").

Good cause does not support plaintiff's Rule 56(d) motion, nor is the motion otherwise reasonable. This is not an instance where plaintiff had inadequate time for discovery. The instant request was made over two months after the close of discovery, after defendants moved for summary

---

[11] See Hamilton v. Mayor & City Council of Baltimore, 807 F. Supp. 2d 331, 353 (D. Md. 2011).

[12] Compared to, e.g., Overly v. Keybank Nat'l Ass'n, No. 1:08-cv-0662-SEB-TAB, 2010 WL 2560406, at *5 (S.D. Ind. June 23, 2010) (holding that declarations of, "I affirm under the penalties of perjury that the foregoing is true, and accurate to the best of my knowledge," were sufficient because they "substantially complied" with § 1746).

- 9 -

Case: 4:10-cv-01902-DDN   Doc. #: 55   Filed: 04/11/12   Page: 10 of 11 PageID #: 446

judgment, and on the date plaintiff's response to defendants' motion for summary judgment was due. This case has been pending since October 11, 2010. Although DocX was not indicted until February 6, 2012, the validity of the Note has been a central issue in this action since its inception. Under these circumstances, plaintiff is not entitled to additional time to begin discovery. See, e.g., Chambers v. The Travelers Cos., Inc., 764 F. Supp. 2d 1071, 1082-83 (D. Minn. 2011), aff'd, 668 F.3d 559 (8th Cir. 2012) (denying a Rule 56(d) motion where the case had been filed two years prior to the motion, discovery lasted for nearly a year and expired five months before the plaintiff filed the motion, and the plaintiff did not raise the discovery deficiencies during the discovery period); Textron Fin. Corp. v. Weeres Indus. Corp., Civ. No. 10-2070 (JRT/LIB), 2011 WL 2682901, at *9 n.2 (D. Minn. June 17, 2011) (report and recommendation), adopted by 2011 WL 2682895 (D. Minn. July 11, 2011) (denying a Rule 56(d) motion because the party had more than three months to pursue discovery before its response was due but made no effort to do so despite being aware of the relevant issues).

Moreover, the sole basis for plaintiff's suspicion that the Note is "a potential forgery or copy" is that "one of the largest companies that provided home foreclosure services to lenders across the nation, DocX, has been indicted on forgery charges by a Missouri grand jury." (Doc. 47 at ¶¶ 8-10.) However, plaintiff does not assert that DocX was involved with or connected to this case. "A court may refuse additional discovery if it deems the request to be based on speculation as to what potentially could be discovered." United States ex rel. Sasaki v. New York Uni. Med. Center, No. 05 Civ. 6163(LMM)(HBP), 2012 WL 220219, at *6 (S.D.N.Y. Jan. 25, 2012) (citation omitted).

Plaintiff has not made the necessary showing for additional discovery and deferral of defendants' motion for summary judgment under Rule 56(d). Plaintiff's reasoning for his Rule 56(d) motion is wholly speculative. Moreover, plaintiff has not submitted discovery requests, has not filed a statement of facts opposing summary judgment, and made his Rule 56(d) motion in an untimely manner. The authenticity of the Note has been a central issue since the inception of this case. The asserted DocX indictment provides no new basis for believing the document

- 10 -

held by Citimortgage is a forgery; any suspicion that the document is a forgery existed since the commencement of this action.

## IV.  CONCLUSION

For the reasons discussed above, the motion of defendants Citimortgage, Inc., Millsap & Singer, P.C., and Federal National Home Mortgage Association (sued here under the name "Fannie Mae") for summary judgment (Doc. 44) is sustained and the motion of plaintiff Richard Kuehne for additional discovery (Doc. 47) is denied.

An appropriate Judgment Order is issued herewith.

  /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 11, 2012.